CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED    8/5/09

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG - 5 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALMONT STEPHENSON,<br><br>                    Petitioner,<br><br>        vs.<br><br>T. FELKER, Warden,<br><br>                    Respondent. | Case No. CV 09-5371-PSG (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On July 23, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.  Petitioner purports to be raising a single sentencing error claim.

It appears from the face of the Petition that it is directed to the same Los Angeles Superior Court judgment of conviction[1] as the prior habeas petition filed by petitioner in this Court on March 20, 2007, in Case No. CV 07-1848-GPS (RNB) [hereinafter the "Prior Action"].  On August 7, 2007, pursuant to the assigned Magistrate Judge's Report and Recommendation, Judgment was entered in the Prior

---

[1]     Petitioner was convicted of transportation of a controlled substance (cocaine), possession of a controlled substance (cocaine), and transportation of marijuana, and ultimately received a sentence of eight years.

1

1  Action denying the petition and dismissing the Prior Action with prejudice.
2  Petitioner appealed from that Judgment to the Ninth Circuit, but his requests for a
3  certificate of appealability were denied in turn by the District Court and the Ninth
4  Circuit.

5       The Petition now pending is governed by the provisions of the Antiterrorism
6  and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the
7  Act") which became effective April 24, 1996. Section 106 of the Act amended 28
8  U.S.C. § 2244(b) to read, in pertinent part, as follows:

9           *(1)   A claim presented in a second or successive habeas corpus*
10     *application under section 2254 that was presented in a prior*
11     *application shall be dismissed.*

12          *(2)   A claim presented in a second or successive habeas corpus*
13     *application under section 2254 that was not presented in a prior*
14     *application shall be dismissed unless--*

15              *(A)   the applicant shows that the claim relies on a new*
16         *rule of constitutional law, made retroactive to cases on collateral*
17         *review by the Supreme Court, that was previously unavailable; or*

18              *(B)(i) the factual predicate for the claim could not have*
19         *been discovered previously through the exercise of due diligence;*
20         *and*

21              *(ii)   the facts underlying the claim, if proven and viewed*
22         *in light of the evidence as a whole, would be sufficient to*
23         *establish by clear and convincing evidence that, but for*
24         *constitutional error, no reasonable factfinder would have found*
25         *the applicant guilty of the underlying offense.*

26     *(3)   (A)   Before a second or successive application permitted*
27     *by this section is filed in the district court, the applicant shall*
28     *move in the appropriate court of appeals for an order authorizing*

2

1         *the district court to consider the application.*

2         . . .

3         *(C)    The court of appeals may authorize the filing of a*

4 *second or successive application only if it determines that the*

5 *application makes a prima facie showing that the application*

6 *satisfies the requirements of this subsection.*

7         . . .

8         *(4)    A district court shall dismiss any claim presented in a*

9 *second or successive application that the court of appeals has*

10 *authorized to be filed unless the applicant shows that the claim satisfies*

11 *the requirements of this section.*

12

13 Petitioner appears to be operating under the mistaken understanding that, since

14 he did not raise his sentencing error claim in Case No. CV 07-1848-GPS (RNB), he

15 is entitled to a ruling on that claim from this Court. However, under § 2244(b)(3)(A),

16 where as here a federal habeas petitioner seeks to file a subsequent habeas petition

17 raising a claim not raised in the petitioner's prior petition, the petitioner must obtain

18 permission from the Circuit to file that second or successive petition. See Cooper v.

19 Calderon, 274 F.3d 1270, 1275 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

20 Such permission will be granted only if "the application makes a prima facie showing

21 that the application satisfies the requirements of [Section 2244(b)]." See id. Only

22 after the Circuit has made the initial determination that the petitioner has made a

23 prima facie showing under § 2244(b)(2) does the district court have any authority to

24 consider whether the petitioner has, in fact, met the statutory requirements of §

25 2244(b). Under § 2244(b)(4), the petitioner must make "more than another prima

26 facie showing" in the district court; the "district court must conduct a thorough

27 review of all allegations and evidence presented by the prisoner to determine whether

28 the [petition] meets the statutory requirements for the filing of a second or successive

1 | petition." See <u>United States v. Villa-Gonzalez</u>, 208 F.3d 1160, 1164-65 (9th Cir.

2 | 2000).

3 |      While it does not appear to the Court that petitioner can make the requisite

4 | prima facie showing, that is a determination for the Ninth Circuit to make in the first

5 | instance. Petitioner's failure to secure an order from the Ninth Circuit authorizing the

6 | District Court to consider the sentencing error claim being alleged in the Petition now

7 | pending, prior to his filing of the Petition in this Court, deprives the Court of subject

8 | matter jurisdiction. See <u>Cooper</u>, 274 F.3d at 1274.

9 |      IT THEREFORE IS ORDERED that this action be summarily dismissed,

10 | pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

11 | District Courts.

12 |      LET JUDGMENT BE ENTERED ACCORDINGLY.

14 | DATED:    7/31/09

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

4